440 April 10, 2025 No. 14

IN THE SUPREME COURT OF THE
STATE OF OREGON

OREGON-COLUMBIA CHAPTER OF THE
ASSOCIATED
GENERAL CONTRACTORS OF AMERICA,
an Oregon non-profit;
Hamilton Construction Co., an Oregon corporation;
HP Civil, Inc., an Oregon corporation;
and K&E Excavating, Inc., an Oregon Corporation,
*Plaintiffs-Adverse Parties,*

*v.*

OREGON DEPARTMENT OF TRANSPORTATION,
*Defendant-Intervenor,*

*and*

OREGON STATE BUILDING AND CONSTRUCTION
TRADES COUNCIL,
*Intervenor-Relator.*

(CC 24CV02310) (SC S071037)

En Banc

Original proceeding in mandamus.*

Argued and submitted December 9, 2024.

Joshua Dennis, Schwabe, Williamson & Wyatt, P.C., Portland, argued the cause and filed the briefs for plaintiffs-adverse parties. Also on the briefs were Darien S. Loiselle and Sokol Larkin, Portland, and Paige Blair Spratt, Vancouver, Washington.

Jona Jolyne Maukonen, Assistant Attorney General, Salem, argued the cause and filed the briefs for defendant-intervenor. Also on the briefs were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

_____

* On petition for peremptory or alternative writ of mandamus from an order of Marion County Circuit Court, Jennifer K. Gardiner, Judge.

Donald McCullough, McKanna, Bishop, Joffe, LLP, Portland, argued the cause for intervenor-relator. Daniel Hutzenbiler filed the briefs. Also on the briefs was Donald McCullough.

PER CURIAM

The petition for a writ of mandamus is dismissed.

**PER CURIAM**

This case involves a petition for writ of mandamus filed by the Oregon State Building and Construction Trades Council (OBTC) challenging a preliminary injunction entered by the Marion County Circuit Court in a pending public contracting dispute between the Oregon-Columbia Chapter of the Associated General Contractors of America (AGC) and the Oregon Department of Transportation (ODOT). The underlying circuit court action is one of three cases that AGC filed to challenge the process used by ODOT to set the terms of "community benefit contracts" for certain highway improvement projects pursuant to ORS 279C.308. The other two cases are petitions for judicial review filed in the Court of Appeals under ORS 183.400. In one case (Case No A180612), AGC challenged OAR 731-005-0900, which established ODOT's community benefit program. In the other case (Case No A181985), AGC alleged that a Community Workforce Agreement (CWA) that ODOT had entered into with OBTC and others to set the terms for soliciting bids for ODOT's community benefits projects was invalid because ODOT had failed to comply with the rulemaking procedures required by the Administrative Procedures Act (APA).

Finally, AGC filed the action underlying this mandamus case in the circuit court, alleging that ODOT was engaging in unlawful public contracting by using the terms of the CWA to set the terms for soliciting bids for one of the eight public improvement projects that ODOT had designated as a community benefit project. AGC sought declaratory relief and "an order enjoining ODOT from soliciting, awarding, or entering into any contract which includes" the CWA. The circuit court issued a preliminary injunction precluding ODOT from using the CWA in any projects while AGC's challenge to the validity of the CWA under the APA was pending before the Oregon Court of Appeals (in Case No A181985). The Court of Appeals certified that case— challenging the validity of the CWA—to this court, and we accepted that certification.

By its terms, the circuit court's preliminary injunction at issue in this mandamus proceeding expires when this court decides the challenge to the validity of the CWA. We

decided that challenge today, in *Oregon-Columbia Chapter of AGC v. ODOT (S071452)*, __ Or __, __ P3d __ (Apr 10, 2025). Accordingly, OBTC's request for mandamus relief is now moot.

The petition for a writ of mandamus is dismissed.